<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM DYKEMAN,<br><br>      Plaintiff,<br><br>      v.<br><br>KEISHA FISHER, et al.,<br><br>      Defendants. | Civil Action No. 24-7358 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

  This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety.

**I.  BACKGROUND**

  Plaintiff is a state prisoner who has been confined in South Woods State Prison since 2022. (ECF No. 1). In his complaint, Plaintiff contends that a number of members of prison and NJDOC staff have either directly or indirectly limited his access to the prison law library and unspecified

legal paperwork over the last two years. Throughout his lengthy and repeated allegations, Plaintiff asserts that although he was regularly scheduled for law library time on a weekly basis and even received a unit transfer designed to help him have more access, his appointments were intermittently canceled, he had frequent computer trouble which limited his ability to get much typing done, and he was at times not let out of his cell to attend law library sessions. (*Id.*) Although Plaintiff alleges that this access limited his ability to accomplish legal work related to a federal habeas petition pending before Judge Wigenton in Docket No. 14-6111 which is currently stayed pending exhaustion of claims and that he has some form of ongoing state court post-judgment sentencing related proceeding, Plaintiff does not allege any actual injury – he does not allege that any claim or action was lost or dismissed as a result of the alleged library and paperwork access issues between 2022 and 2024. (*Id.*)

## II. LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*,

515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6).  *Id.* (quoting *Twombly*, 555 U.S. at 557).  While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  DISCUSSION

Throughout his complaint, Plaintiff, in a meticulously detailed fashion, asserts that he believes a number of prison officials denied him his right to access to the Courts and refers extensively to issues that interfered with his access to unspecified legal paperwork, computer difficulties, and intermittently cancelled or missed law library appointments.  However, in order to state a claim for relief for a denial of access to the courts, a prisoner must plead facts showing

that he suffered an actual injury in the form of a lost claim or case as a result of the alleged limitation on access to a law library or legal paperwork. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 349-50 (1996); *Adekoya v. Chertoff*, 431 F. App'x 85, 89 (3d Cir. 2011). Because Plaintiff has not adequately alleged that he lost a claim or case as a result of his research issues, and the only case he does explicitly reference is ongoing and thus does not appear to have been lost, Plaintiff has failed to plead a cognizable claim for access to the courts and his claims must therefore be dismissed without prejudice as to all of the Defendants.

In addition to his access to courts claim, Plaintiff also asserts that at least some of the Defendants – a group not explicitly identified in clear fashion in his complaint – "formed a bond or group" acting in conspiratorial fashion to curtail his rights, which he believes is a Civil RICO violation. A civil RICO claim, however, requires allegations indicating that the defendants performed conduct as an enterprise which harmed the Plaintiff's business or property through a pattern of racketeering activity. *Parness v. Christie*, No. 15-3505, 2015 WL 4997430, at *6-8 (D.N.J. August 19, 2015). An injury to a plaintiff's business or property interests requires "proof of a concrete financial loss and not mere injury to a valuable intangible property interest." *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000) (quoting *Steele v. Hosp. Corp. of Am.*, 36 F.3d 69, 70 (9th Cir. 1994)). Physical and emotional harm, or injuries stemming from personal injuries are therefore insufficient. *See Magnum v. Archdiocese of Philadelphia*, No. 06-2589, 2006 WL 3359642, at *4 (E.D. Pa. Nov. 17, 2006), *aff'd*, 236 F. App'x 224, 227 (2007). Plaintiff has not adequately pled facts indicating that any specific Defendants engaged in a conspiratorial enterprise, nor that they committed a pattern of racketeering conduct, nor has Plaintiff pled facts indicating a concrete financial loss. He has thus failed to plead a plausible civil RICO claim, and that claim is dismissed without prejudice as well. Plaintiff's complaint shall therefore be dismissed

without prejudice in its entirety, and Plaintiff shall be granted 30 days in which to file an amended complaint.

## IV.     <u>CONCLUSION</u>

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**.  Plaintiff is granted leave to file an amended complaint within thirty days.  An order consistent with this Opinion will be entered.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge