**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

WILLIAM DYKEMAN,

*Plaintiff,*

v.

KIESHA FISHER, *et al.*,

*Defendants.*

Civil Action No. 24-7358 (KMW)(MJS)

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** having come before the Court on the Motion for Summary Judgment or, in the alternative, Motion for Default Judgment ("Motion") of *pro se* Plaintiff William Dykeman ("Plaintiff") against Defendants D. Metelow, Sgt. Watson, Mr. Parker, and Carla Gardener (collectively, the "Movant Defendants") (ECF No. 29); and the Court having considered the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b); and for the reasons set forth below, the Motion is **DENIED** without prejudice.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a state prisoner confined at South Woods State Prison, initiated this action on June 28, 2024, alleging constitutional violations arising from restrictions on his access to the prison law library. (ECF No. 1.) The Court granted Plaintiff *in forma pauperis* status and dismissed his initial Complaint without prejudice, with leave to amend. (ECF Nos. 3–4.) Following further amendments, the Court dismissed Plaintiff's RICO claims without prejudice but permitted his retaliation and denial-of-access-to-courts claims to proceed. (ECF No. 11.) On August 29, 2025,

Plaintiff filed the operative Amended Complaint, and summonses issued for all named Defendants. (ECF Nos. 15–18.)

Eleven Defendants waived service between September and November 2025. Metelow, Watson, Parker, and Gardener did not. (ECF No. 21–22.) On February 6, 2026, The Honorable Matthew J. Skahill, U.S.M.J., directed the Clerk to issue new summonses for Metelow and Watson and ordered a status update concerning Parker. (ECF Nos. 26–28.) A new summons for Gardener issued in March 2026 after the Department of Corrections reported her non-waiver. (ECF Nos. 34–36.)

On February 13, 2026, Plaintiff moved for summary judgment or, alternatively, default judgment against Metelow, Watson, Parker, and Gardener, asserting that they had been properly served and failed to respond. (ECF No. 29.) The docket, however, reflects that none had been served at that time. Metelow was served on March 24, 2026; Watson on May 5, 2026; and Gardener on May 7, 2026. (ECF Nos. 38, 47, 48.) Parker was never served, and Defendants filed a Suggestion of Death as to him on February 17, 2026. (ECF No. 32.)

Most recently, on August 18, 2026, Judge Skahill directed Plaintiff to file a Second Amended Complaint by October 5, 2026, which will become the operative pleading and govern Defendants' responses. (ECF No. 58.)

## II. LEGAL STANDARD

### A. Service of Process and the Court's Power Over a Party

A federal court's authority to adjudicate a claim against a named defendant depends on the defendant first being brought within the court's power through service of process or a waiver of service. "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

### B. Default Judgment

Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining a default judgment. First, when a party "has failed to plead or otherwise defend" and that failure is shown "by affidavit or otherwise," the Clerk must enter the party's default. Fed. R. Civ. P. 55(a). Only after an entry of default may a party seek default judgment under Rule 55(b). The Third Circuit "does not favor entry of defaults or default judgments," preferring instead that "cases be disposed of on the merits whenever practicable." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984); *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). In determining whether to enter or set aside a default judgment, courts consider three factors: "(1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable misconduct." *Hritz*, 732 F.2d at 1181; *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (identifying prejudice, the existence of a litigable defense, and culpable conduct as relevant factors). Default judgment cannot properly be entered against a party who has not been served with process; such a judgment is "a *fortiori*, void, and should be set aside." *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985).

### C. Summary Judgment

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of identifying the basis for its motion and the portions of the record demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court views the facts and draws all reasonable inferences in favor of

the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### D. *Pro se* Pleadings

Plaintiff's submissions are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *accord Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011). That leniency, however, does not excuse a *pro se* litigant from satisfying the procedural prerequisites for the relief he seeks.

## III. DISCUSSION

### A. Default Judgment Is Unavailable Against Any of the Defendants

As a threshold matter, a federal court cannot render judgment—by default, by summary judgment, or otherwise—against a defendant over whom it lacks the power to act, and a court does not acquire that power until the defendant has been served with process or has waived service. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). That principle resolves the instant Motion regardless of which form of relief Plaintiff seeks, and it is the lens through which the remainder of this Opinion proceeds.

Plaintiff's Motion rests on the premise that Metelow, Watson, Parker, and Gardener were successfully served along with the other eleven defendants when process first issued on the Amended Complaint in August 2025, and that these four defendants failed to respond. (*See* ECF No. 29.) That premise is not supported by the record. The Department of Corrections' own sealed submission reported that Watson, Metelow, and Parker—in contrast to the eleven defendants who executed waivers—"have not accepted a waiver of service" (ECF No. 22), and it was that reported service gap that led Judge Skahill to order new summonses for Metelow and Watson and to seek

a status report on Parker in the first instance. (*See* ECF No. 26.) Gardener likewise never executed a waiver, and a new summons did not issue for her until March 13, 2026, a month after Plaintiff's motion was filed. (ECF Nos. 34–36.) Accordingly, because service was never completed on any of the four Moving Defendants, none was required to respond.

Nor could the requested relief lie once the corrected process actually issued. Rule 55(a)'s predicate—that a defendant has "failed to plead or otherwise defend"—cannot be satisfied by a defendant who has not yet been served and whose time to respond has not yet begun to run. *See* Fed. R. Civ. P. 12(a)(1)(A). When Plaintiff filed the instant Motion on February 13, 2026, the corrected summonses for Metelow and Watson had issued only one week earlier and had just been forwarded to the U.S. Marshals Service; neither defendant would be served for another five to twelve weeks. (ECF Nos. 26, 28, 38, 47.) Gardener's new summons had not yet issued —it would not issue until March 13, 2026, and she would not be served until May 7, 2026. (ECF Nos. 34–36, 48.) Entry of default judgment against a party who had not yet been served is void from the outset. *See Gold Kist*, 756 F.2d at 19. Independently, the record reflects no Clerk's entry of default under Rule 55(a) as to any of the four Moving Defendants—a prerequisite to a motion for default judgment under Rule 55(b) that Plaintiff's Motion does not address and that the docket does not otherwise satisfy.

Nor does the present posture support default. Metelow, Watson, and Gardener sought and received extensions of time to respond following service, *see supra* Part I.B, and none is presently in default. Parker is deceased. Indeed, a Suggestion of his Death was filed on February 17, 2026—four days after Plaintiff's Motion—and nothing in the record indicates he was ever served during his lifetime. (ECF No. 32.) Default or summary judgment cannot lie against a deceased, unserved individual.

### B. Summary Judgment Is Equally Premature

Given the absence of record evidence, Plaintiff's Motion for summary judgment fares no better. *See Murphy Bros.*, 526 U.S. at 350. Crucially, at the time the Motion was filed, none of the Moving Defendants had appeared or answered, no discovery had occurred, and no record existed from which the Court could assess whether a genuine dispute of material fact exists. *See Celotex*, 477 U.S. at 322. A motion for judgment as a matter of law filed before any defendant has been brought within the Court's power, let alone had an opportunity to be heard, does not permit the merits determination Rule 56 compels.

### C. The Forthcoming Second Amended Complaint Independently Militates Toward Denial

Finally, the Court notes that on August 18, 2026, Judge Skahill directed Plaintiff to file a Second Amended Complaint by October 5, 2026, which will become the operative pleading in this action and to which Defendants must respond. (ECF No. 58.) Because the pleading underlying Plaintiff's current Motion will likely be superseded, resolving a dispositive motion tied to the existing Amended Complaint (ECF No. 16) does not serve the interests of judicial economy. This additional reason provides an independent basis to deny the Motion without prejudice to renewal, if appropriate, once the operative pleading and responsive filings are completed.

## IV. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS** on this 26th day of August 2026,

**ORDERED** that Plaintiff's Motion for Summary Judgment or Default Judgment (ECF No. 29) is **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order upon Plaintiff by regular mail.

**Hon. Karen M. Williams,**
**United States District Judge**